Jessica R. K. Dorman, Esq. (SBN: 279919)
jessica@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

Attorneys for Dallas Glover and Tamara Glover

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dallas Glover and Tamara Glover, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> The Dreyfuss Firm, A Professional Law Corporation; and Green Tree Servicing, LLC, <br><br> Defendants. | Case No: **'14CV1228 CAB WVG** <br><br> **Class Action Complaint For Damages** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter

"FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Dallas Glover and Tamara Glover, (Plaintiffs), through Plaintiffs' attorneys, bring this class action to challenge the actions of The Dreyfuss Firm, A Professional Law Corporation ("Dreyfuss") and Green Tree Servicing, LLC, (Greentree") ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damage.

4. Plaintiffs bring this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants.

5. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7.    Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

8.    Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

9.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

10.   This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

11.   Plaintiff is a natural person who resides in the City of Santee, within the County of San Diego, State of California.

12.   Defendants attempted to collect an alleged debt from Plaintiff by mailing a collection letter to Plaintiff's residence in Santee, California. This letter was in violation of the FDCPA and Rosenthal Act.

13.   Because this letter mailed to Plaintiffs at their Santee, Califronia address is a substantial part of the events giving rise to the claim, venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

14.   Further, at all times relevant, Defendants conducted business within the County of San Diego, California by attempting to collect alleged debts by written communication and by filing lawsuits within the County of San Diego. Therefore, Defendants reside in San Diego County establishing personal jurisdiction and making venue proper pursuant to 28 U.S.C. § 1391(b)(1) & (c)(2).

///

///

**PARTIES**

15. Plaintiffs are natural persons who reside in the City of Santee, State of California.

16. Defendant Dreyfuss is located in the City of Irvine, in the State of California.

17. Defendant Green Tree is located in the City of St. Paul, in the State of Minnesota.

18. Plaintiffs are obligated or allegedly obligated to pay a debt, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

19. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

20. Plaintiffs are natural persons from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs, and are "debtors" as that term is defined by California Civil Code § 1788.2(h).

21. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

22. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.    As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

///

///

///

**INITIAL NOTICES AND INFORMATION REQUIRED BY THE FDCPA**

23.    15 U.S.C. § 1692g states the following:

> a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the ***amount of the debt***;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, ***within thirty days after receipt of the notice***, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector ***in writing*** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. [Emphasis added].

**FACTUAL ALLEGATIONS**

24.    Sometime before July 1, 2013, Plaintiffs are alleged to have incurred certain financial obligations to G.E. Money Bank for a construction loan serviced by Green Tree.

25.    These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

26.    These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil

Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

27. Sometime thereafter, but before July 1, 2013, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt. As it is irrelevant to this action, Plaintiffs currently take no position as to the validity of this alleged debt.

28. Subsequently, but before July 1, 2013, the alleged debt was assigned, placed, or otherwise transferred, by Green Tree to Dreyfuss for collection.

29. On or about July 1, 2013, at the instruction of Green Tree, Dreyfuss mailed a dunning letter to Plaintiffs. A few days later, Plaintiffs received that letter.

30. This communication to Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

31. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

32. The July 1, 2013 letter stated that the "Current Delinquent Balance" was "$24,897.17 plus accruing interest and attorneys' fees and costs being incurred."

33. The FDCPA under 15 U.S.C. § 1692g(a) requires Defendant to explicitly state the "amount of the debt". This letter does not identify the amount that Defendant is demanding from Plaintiff.

34. Defendant failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that included the amount of the debt. This omission by Defendant violated 15 U.S.C. § 1692g.

35. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal

HYDE & SWIGART
Consumer Protection Attorneys

Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

36.   Further, the July 1, 2013 letter continued by stating the following:

> In the event you do not make satisfactory payment arrangement with Green Tree on or before **_August 1, 2013_**, you may be subject to formal collection procedures. Pursuant to your loan agreement, you will be obligated to pay all attorneys fees and costs incurred in collecting on this loan. Please give this matter you immediate attention and contact me if you wish to resolve this matter and to avoid the filing of a lawsuit. [Emphasis added].

37.   Here, Defendant's notice does not account for the time it takes to mail and receive a letter when it gives a deadline of August 1, 2013 for a letter dated on July 1, 2013.

38.   This initial communication to Plaintiffs by Dreyfuss included a written notice, the language of which overshadowed, weakened, and failed to comply with the notice required by 15 U.S.C. § 1692g because it attempted to limit the rights available to Plaintiffs in a manner that creates a contradiction would confuse the least sophisticated consumer into disregarding his or her rights pursuant to the validation notice required in 15 U.S.C. § 1692g by stating, "In the event you do not make satisfactory payment arrangement with Green Tree on or before August 1, 2013, you may be subject to formal collection procedures."

39.   By overshadowing, weakening, and failing to comply with the notice required by 15 U.S.C. § 1692g, Dreyfuss also violated California's Rosenthal Act as Cal. Civ. Code § 1788.17 incorporates the language of 15 U.S.C. § 1692g.

40.   Further, this language in the initial communication, states that Plaintiff will be "obligated to pay all attorneys fees and costs incurred in collecting on this loan."

41. Dreyfuss falsely represented to Plaintiff that Plaintiff is required to pay all fees and costs, when in reality, the most that Defendant can demand is a reasonable amount attorneys fees and costs if any.

42. Further, this statement by Defendant was meant to imply that no matter what defenses Plaintiffs might have had, Plaintiffs would be responsible for all attorneys fees and cost.

43. Dreyfuss makes this statement to convince Plaintiffs that they have no defense or option and will be punished severely by way of attorneys fees and costs if they do not make a satisfactory payment arrangements.

44. Through this conduct, Defendant used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

45. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

46. Dreyfuss continues to improperly inform Plaintiffs of their rights under 15 U.S.C. § 1692g by stating the following:

> If within thirty days after your receipt of this letter, you notify this office that the debt, or any portion thereof, is disputed, this firm will obtain verification of the debt and a copy of that verification will be mailed to you.

47. Nowhere in this statement does Dreyfuss explain that Plaintiffs must notify Dreyfuss ***in writing*** that they dispute the debt, in order to trigger Dreyfuss' obligation to provide verification to Plaintiffs.

48. Defendant failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that included a

statement that if the consumer notifies the debt collector ***in writing*** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. This omission by Defendant violated 15 U.S.C. § 1692g.

49. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

50. On August 2, 2013 Dreyfuss, at the instruction of Green Tree filed a lawsuit in the San Diego Superior Court, Case No. 37-2013-61008-CL-CL-CTL.

51. This filing of the lawsuit, makes it clear that Defendants had no intention of allowing Plaintiffs' the 30 days to dispute the debt prior to filing the action.

52. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

53. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

*Vicarious Liability*

54. At all relevant times, Dreyfuss was an authorized agent of Green Tree as Green Tree's attorneys.

55. Pursuant to *Fox v. Citicorp Credit Services* 15 F.3d 1507, 1505, the actions of the attorney are to be inputed to the client on whose behalf the are taken.

56. At all relevant times, the actions taken by Dreyfuss were in the scope of the agency relationship and in furtherance of Green Tree's interest and therefore are imputed upon Green Tree.

57. Because prior to these above described debt collection activities occurring, Green Tree had retained Dreyfuss as Green Tree's legal representative for the sole purpose of collecting Green Tree's debts, and because Dreyfuss was Green Tree's legal representative at the time the above described debt collection activities took place, and even continues to be Green Tree's legal representative today, and because the above described debt collection activities, acts and omissions of Dreyfuss were conducted by Dreyfuss at the direction and control of Green Tree, Dreyfuss's activities, acts and omissions are imputed on Green Tree under the common law doctrine of agency, that is, respondeat superior, generally, and vicarious liability, specifically. Consequently, any liability of Dreyfuss is also the liability of Green Tree, as Dreyfuss was attempting to collect debts for Green Tree and acting at the direction and control of Green Tree, when those illegal activities, acts and omissions occurred.

## CAUSES OF ACTION

## CLASS ACTION ALLEGATIONS

58. Plaintiff bring this action on behalf of one class, designated as "The Class."

59. The Class consists of
   (a) all natural persons with addresses inside California,
   (b) who were sent a notice substantially similar to the form represented by the July 1, 2013 letter attached as Exhibit A,
   (c) on or after a date one year prior to the filing of this action, and
   (d) which were not returned undelivered by the United States Postal Service.

60. There are more than 40 members of the class, and the class members are so numerous that joinder is impracticable.

61.   The individual identities of the individual members are ascertainable through Defendants' records or by public notice.

62.   There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class.  The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

A) Whether Defendants violated the FDCPA;

B) Whether Defendants violated the Rosenthal Act;

C) Whether members of the Class are entitled to the remedies under the FDCPA;

D) Whether members of the Class are entitled to the remedies California's Rosenthal Act;

E) Whether members of the Class are entitled to declaratory relief;

F) Whether members of the Class are entitled to injunctive relief;

G) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

H) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the California's Rosenthal Act ; and

I) Whether the Class are entitled to any other remedies.

63.   Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

64.   Plaintiff will fairly and adequately represent the interests of the class members.  Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

65.   Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

66.   A class action is superior to other alternative methods of adjudicating this dispute.  Individual cases are not economically feasible.  Many debtors may not realize that their rights are violated.

67.   Class-wide damages are essential to induce Defendants to comply with Federal and State Law.

68.   The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action is $1,000.00, and an additional $1,000.00 under the Rosenthal Act.  Management of these claims are likely to present significantly fewer difficulties than those presented in many class claims, e.g. securities fraud.

69.   Defendants have acted on grounds generally applicable to the class, thereby making appropriate final declaratory relief with respect to the class as a whole.

70.   Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

71.   Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

72.   The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

73.   As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

**COUNT II**

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)**

**CAL. CIV. CODE §§ 1788-1788.32**

74. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

75. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

76. As a result of each and every violation of the Rosenthal Act, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) as to each Plaintiff and putative class member;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) as to each Plaintiff and putative class member;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

77.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.


Respectfully submitted,

                                                  **Hyde & Swigart**


Date: May 15, 2014                     By:/s/Jessica R. K. Dorman
                                                  Jessica R. K. Dorman
                                                  Attorneys for Plaintiffs

# PLAINTIFFS' EXHIBIT A

---

*In The Case Of*

**Dallas Glover and Tamara Glover**
***v.***
**The Dreyfuss Firm, A Professional Law Corporation and Green Tree
Servicing, LLC**



# THE DREYFUSS FIRM
## a professional law corporation

7700 IRVINE CENTER DRIVE, SUITE 710, IRVINE, CA  92618

PHONE (949) 727-0977 · FACSIMILE (949) 450-0668

July 1, 2013

Dallas and Tamara Glover
9955 Delia Lane
Santee, CA 92071-5039

> Re:   Green Tree Servicing, LLC
> Acct. No. 180126
> Our File No. 9041-0894

Dear Mr. and Mrs. Glover:

This firm represents servicer Green Tree Servicing, LLC, servicer of the referenced loan on behalf of GE Capital Retail Bank.  Please be advised that Green Tree reports that this loan is significantly in default as follows:

| | |
|---|---|
| <u>Current delinquent balance</u>: | $24,897.17 plus accruing interest and attorneys' fees and costs being incurred. |

IN THE EVENT YOU DO NOT MAKE SATISFACTORY PAYMENT ARRANGEMENTS WITH GREEN TREE ON OR BEFORE AUGUST 1, 2013, YOU MAY BE SUBJECT TO FORMAL COLLECTION PROCEDURES.  PURSUANT TO YOUR LOAN AGREEMENT, YOU WILL BE OBLIGATED TO PAY ALL ATTORNEYS' FEES AND COSTS INCURRED IN COLLECTING ON THIS LOAN. PLEASE GIVE THIS MATTER YOUR IMMEDIATE ATTENTION AND CONTACT ME IF YOU WISH TO RESOLVE THIS MATTER AND TO AVOID THE FILING OF A LAWSUIT.

Unless, within thirty days after your receipt of this letter, you dispute the validity of the debt, or any portion thereof, the debt will be presumed by this office to be valid.  If within thirty days after your receipt of this letter you notify this office that the debt, or any portion thereof, is disputed, this firm will obtain verification of the debt, and a copy of that verification will be mailed to you.  In addition, upon your written request within the thirty-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

In addition, you should take notice that the State Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m.  They may not harass you by using threats of violence or arrest, or by using obscene language.  Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at

**THIS FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

54

July 1, 2013
Page 2

work.  For the most part, collectors may not tell another person, other than your attorney
or spouse, about your debt.  Collectors may contact another person to confirm your
location or enforce a judgment.  For more information about debt collection activities,
you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

     If your personal obligation to pay this debt is currently involved in a pending
bankruptcy or was discharged through bankruptcy, we are not aware of that filing.  In
such event, please disregard this notice and immediately provide me with your
bankruptcy information.

     Naturally our client would prefer to have this matter settled without the necessity
of filing suit or taking other action.  Please take advantage of the opportunity being
extended to you to resolve this matter voluntarily.

     Very truly yours,

     THE DREYFUSS FIRM
     A Professional Law Corporation

     LAWRENCE J. DREYFUSS

LJD/rk

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Dallas Glover and Tamara Glover, individually and on behalf of others similarly situated

**DEFENDANTS**
They Dreyfuss Firm, A Professional Law Corporation; and, Green Tree Servicing, LLC

**(b)** County of Residence of First Listed Plaintiff _San Diego_
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jessica R. K. Dorman (SBN: 279919); Joshua B. Swigart (SBN: 225557)
Hyde & Swigart     (619) 233-7770
2221 Camino Del Rio South, Suite 101, San Diego, CA 92108

Attorneys *(If Known)*

'14CV1228 CAB WVG

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☒ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1692 et seq
Brief description of cause:
Violations of the Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ 5,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____      DOCKET NUMBER _____

DATE
05/15/2014

SIGNATURE OF ATTORNEY OF RECORD
s/Jessica R. K. Dorman

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.